UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| IMAM SAABIR ABDULLAH, <br> a/k/a SAABIR ABDULLAH, <br> a/k/a BOBBY LEE WEBBER, JR., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HUMAN SERVICES, et al., <br><br> Defendants. | Case No. 1:16-cv-1056 <br><br> Honorable Gordon J. Quist <br><br> **REPORT AND RECOMMENDATION** |

This is a *pro se* civil action brought by Imam Saabir Abdullah, a/k/a Saabir Abdullah, a/k/a Bobby Lee Webber, Jr.  Plaintiff lists the following defendants in the caption of his complaint:  Department of Human Services (DHS), Grand Rapids Police Department, Brian Groom, S. Partner, Kent County Correctional Facility, Accountants, Court Services, Friend of the Court, 17th Judicial Court Judge, and Prosecutor. (Complaint at 1, ECF No. 1, PageID.1).  Plaintiff seeks an award of damages.  (*Id.* at 8, 10, PageID.8, 10).

The Court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence.  (ECF No. 4).  Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.

28 U.S.C. § 1915(e)(2); *see Davis-Bey v. Michigan*, No. 14-12167, 2014 WL 2746086, at * 1 (E.D. Mich. June 17, 2014).

## Discussion

### I.     Factual Allegations

Plaintiff states that he is "of The Abdullah Nation" and "not a citizen." (*Id.* at 1-3, PageID.1-3). He identifies himself as a "Moorish-American National – Born in the domicile of East Grand Rapids, Michigan." (*Id.* at 3, PageID.3).

On August 9, 2016, three separate support enforcement orders were entered against plaintiff in the 17th Judicial Circuit. (ECF No. 1-1, PageID.22-24). On August 23, 2016, plaintiff was arraigned in 61st District Court on welfare fraud charges and was released on bond. (*Id.* at PageID.29, 31).

Plaintiff alleges that he "ordered" the judge presiding at his arraignment and various law enforcement officers to release him immediately and that he threatened to charge them with "kidnap[]ing, Non-Jurisdiction, and Constitutional Rights Crimes." (*Id.* at 3, PageID.3).

### II.    Failure to State a Claim

A complaint that fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon,* 617 F.3d 890, 893

(6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's factual allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that the Court dismiss plaintiff's complaint for failure to state a claim.

Plaintiff lacks the authority to bring criminal charges against anyone. *See Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002); *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at * 13 (W.D. Mich. Feb. 18, 2010) (collecting cases); *Booth v. Peppler*, No. 2:06-cv-120, 2006 WL 1653170, at * 2 (W.D. Mich. June 9, 2006) (same).

Plaintiff has failed to plead facts sufficient to state a claim on which relief can be granted against any defendant. Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient to sustain a claim. *See In re Omnicare, Inc Sec. Litig.*, 769 F.3d 455, 469 (6th Cir. 2014); *see also Sanford v. Jail*, No. 2:16-cv-11311, 2016 WL 4475019 (E.D. Mich. Aug. 25, 2016); *Blackmun v. Michigan*, No. 1:16-cv-374, 2016 WL 2865577 (W.D. Mich. Apr. 25, 2016).

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.


Dated:   September 20, 2016             /s/  Phillip J. Green           
                                        United States Magistrate Judge


**NOTICE TO PARTIES**
Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  See *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).